# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NANNIE N. PREECE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0267**  (BOR Appeal No. 2046553)
(Claim No. 2009087607)

**HEALTH MANAGEMENT ASSOCIATES OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nannie N. Preece, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Health Management Associates of West Virginia, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2012, in which the Board reversed an October 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 12, 2009, decision, which rejected Ms. Preece's claim for workers' compensation benefits related to her carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Preece worked as a registered nurse for Health Management Associates of West Virginia for over twenty years. Her job duties included lifting patients, starting IVs, opening medication packages and bottles, and moving medical equipment and beds. On October 27, 2008, after presenting with complaints of pain in both hands and wrists, Dr. Gutti performed electromyogram (EMG) and nerve conduction studies (NCS), which showed bilateral median nerve entrapment consistent with carpal tunnel syndrome. Ms. Preece was then diagnosed with bilateral carpal tunnel syndrome by Dr. Pugh who attributed the condition to Ms. Preece's

1

repetitive use of her hands while moving furniture, lifting patients, and holding patients for invasive procedures. Ms. Preece filed an application for workers' compensation benefits based on Dr. Pugh's diagnosis. On May 12, 2009, the claims administrator rejected the claim. Following the rejection, Ms. Preece's claim was reviewed by Dr. Jin who found that there were no convincing studies showing the occupation of registered nurse to be a risk factor in developing carpal tunnel syndrome. Dr. Jin found that Ms. Preece has several non-occupational risk factors, like her age and weight, to which her carpal tunnel syndrome was more likely attributable. On March 16, 2010, the Office of Judges reversed the claims administrator's decision and held the claim compensable. But the Board of Review remanded the case to the Office of Judges for a further development of the record. Dr. Bailey then performed an independent medical evaluation on Ms. Preece and found that her carpal tunnel syndrome was not related to her occupation. Dr. Bailey found that Ms. Preece's job duties were not highly repetitive, highly forceful, and did not involve awkward positioning of the wrist or hands. Dr. Bailey found that Ms. Preece's occupation would not put her at a high risk for developing carpal tunnel syndrome and he pointed to her weight as the cause of her condition. On October 3, 2011, the Office of Judges reversed the May 12, 2009, decision of the claims administrator and held the claim compensable for bilateral carpal tunnel syndrome. The Board of Review then reversed the Order of the Office of Judges and reinstated the claims administrator's decision on February 27, 2012, leading Ms. Preece to appeal.

The Office of Judges concluded that Ms. Preece incurred the condition of bilateral carpal tunnel syndrome in the course of and resulting from her employment. The Office of Judges relied on the diagnosis and opinion of Dr. Pugh who believed that Ms. Preece's condition was occupationally related. The Office of Judges found that Ms. Preece's job duties involved sufficient repetitive use of her hands to put her at risk for carpal tunnel syndrome. The Office of Judges also found that Dr. Pugh's opinion was more persuasive than the opinions of Dr. Jin and Dr. Bailey.

The Board of Review concluded that the Order of the Office of Judges was clearly wrong in view of the reliable, probative, and substantial evidence of the whole record. The Board of Review found that Ms. Preece's job duties did not place her in one of the high-risk categories for developing carpal tunnel syndrome. The Board of Review also found that there was no causal connection between Ms. Preece's carpal tunnel syndrome and her employment.

We agree with the conclusions of the Board of Review. Ms. Preece has not demonstrated a causal connection between her carpal tunnel syndrome and her occupation. There is nothing in the record indicating that Ms. Preece's duties would place her at a high risk for carpal tunnel syndrome. There is no evidence that her duties required "awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements." West Virginia Code of State Rules § 85-20-41.5 (2006). Ms. Preece's obesity places her at a high risk for carpal tunnel syndrome but this factor is not occupationally related. Dr. Pugh's opinion is not sufficient to establish a causal connection between her carpal tunnel syndrome and her occupation, given the detailed reports of Dr. Jin and Dr. Bailey. Ms. Preece has not shown that her condition is anything more than an ordinary disease of life to which the general public is exposed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

3